FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2015 FEB 27 PM 4: 06

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____

GEORGE R. SCOTT III,
                        Plaintiff,

        -vs-                                        Case No.  A-15-CA-11-SS

JAMES RICHARD PERRY, ELIZABETH M.
DARLING, THE TEXAS GOVERNORS
OFFICE, and THE ONESTAR FOUNDATION
OF TEXAS,
                        Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically *pro se* Plaintiff George R. Scott III's Motion to Recuse [#6], filed January 26, 2015. Scott moves to recuse United States District Judge Lee Yeakel from this action on grounds Judge Yeakel was appointed by former President George W. Bush, who "could become" a named defendant in the suit. Mot. Recuse [#6] at 1. The Court now enters the following order DENYING the motion.

According to Scott's *pro se* Complaint [#1], Defendant Elizabeth M. Darling, to whom Scott was formerly married, "created and caused a Faith Based sex scandal" by using "Texas State funds to pay for expenses related to multiple adulterous affairs." Compl. [#1] at 5. Scott alleges Governor Perry "has been and is currently involved in the cover up of Ms Darling's Faith-Based sex scandal which he inherited from President George W. Bush when he appointed Ms Darling as President/CEO of his Faith Based creation, The Onestar Foundation of Texas in 2009." *Id.* at 6.

Having reviewed the Complaint and the file as a whole, the Court can discern absolutely no meritorious basis upon which former President George W. Bush could be named as a defendant in this lawsuit. Moreover, even were Scott to name former President Bush as a defendant, a federal judge need not recuse himself from every case involving the President who appointed him. *See, e.g.,* *Armenian Assembly of Am., Inc. v. Cafesjian*, 783 F. Supp. 2d 78, 93 (D.C. Cir. 2011) ("The case law is clear that recusal is not warranted where a judge is alleged to be biased based solely on political connections to the President who appointed [him]."); *United States v. Gordon*, 974 F.2d 1110, 1114 (9th Cir. 1992), *overruled on other grounds by United States v. Bagdasarian*, 652 F.3d 1113 (2011) ("It is not reasonable to suspect that Judge Rafeedie's ability to preside impartially would be affected by the fact that President Reagan appointed him."). A federal judgeship is a life-tenured position, and federal judges take an oath to "faithfully and impartially discharge and perform all duties . . . under the Constitution and laws of the United States." 28 U.S.C. § 453. As the D.C. Circuit has noted, Justices Ginsburg and Breyer, both Clinton appointees, participated in *Clinton v. Jones*, 520 U.S. 681 (1997), and Chief Justice Burger and Justices Blackmun and Powell, all Nixon appointees, participated in *United States v. Nixon*, 418 U.S. 683 (1974). *In re Executive Office of the President*, 215 F.3d 25, 25–26 (D.C. Cir. 2000). Consequently, the Court finds Judge Yeakel need not recuse himself from this case.

Accordingly,

IT IS ORDERED that the Motion to Recuse [#6] is DENIED; and

IT IS FINALLY ORDERED that the above-styled and numbered cause is TRANSFERRED to the Austin Docket of the Honorable Lee Yeakel, United States District Judge.

SIGNED this the 27ᵗʰ day of February 2015.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE